Lessee of Peter Weiser *against* Samuel Moody.

If the propriety officers knowingly grant a patent for lands out of the Indian purchase, it will enure for the benefit of the grantee, on a purchase of the lands; but where it appears to have been issued without such knowledge, it will be avoided.

Ejectment for 150 acres of land in Augusta township.

The lessor of the plaintiff claimed under a patent, dated 7th July 1755, issued to Conrad Weiser, his grandfather, in consideration of his services as interpreter to the Six Indian Nations, and of 5s. It recited a warrant dated 21st January 1755, (which was not shown in evidence) and a survey thereon of 305 acres and 36 perches and allowance, made on the 9th June, 1755.

The warrant issued in consequence of special directions of the late proprietaries, dated the same day. It was an order in favour of Conrad Weiser and Richard Peters, for 4000 acres, in any part of the new purchase lately made of the Indians; and the deputation from Nicholas Scull, the surveyor general, to Samuel Weiser, was to survey for his father a tract on Susquehannah, a small distance above the tract lately confirmed to to him. This tract lay two miles from the lands in question.

Nothing appeared on the face of the survey, or any of the papers produced by the plaintiff, which could have denoted that the lands in controversy lay out of the then Indian purchase, which was admitted to be the case.

The defendant claimed under and an application, dated 24th May, 1769, after the treaty at Fort Stanwix, descriptive of the disputed grounds, and a survey made thereon on the 23d August 1769.

The court declared their opinion to the jury, that if the late proprietaries, or their officers, knew that the lands surveyed for Conrad, Weiser, lay out of the then Indian purchases, and granted them under full knowledge thereof, the patent would enure for the benefit of the grantee, when the lands came afterwards to be purchased from the Indians; and the proprietaries could not pass the title to a stranger. It might be compared to a person's selling lands without title, and afterwards obtaining a right thereto, where the vendor would hold in trust for the vendee.

The Popes of Rome claimed the extravagant power of granting lands to christian princes, whose subjects discovered parts of this new world, on the strange principle of compelling the savage tribes to embrace christianity. It was the European usage, for the sovereigns to bestow charters on their subjects of such territory; and considering those new countries as dependent on the parent kingdom for protection, the practice was decent and proper. But the more solid and equitable title must rest on the

foundation of fair purchases from the original tenants of the soil, however rude and barbarous.   Vid. 2 Ld. Orford, 100 4to.

The proprietaries enjoined a grant from Charles the IId. to their ancestor William Penn; but they did not rely solely thereon.   They bought the lands from the natives, and gave them valuable considerations therefor.   Herein they evinced a strong sense of moral honesty, as well as sound extended policy.   It cannot therefore be presumed, that the proprietary officers knew the lands surveyed for Conrad Weiser to be without the limits of their purchases.   It would form an exception to their uniform established practice, and ought to be clearly shown. The warrant in all probability pursued the terms of the special order, and was for lands " in some part of the new purchase."   The order to Samuel Weiser to make the appropriation, called for lands a small distance from another tract, which was confessedly within the purchase. If other words were used in the warrant, it ought to be shown; and its absence induces a presumption, that if produced, it would operate against the party.   No mountains or waters are to be seen on the survey, from whence it might be inferred, that the lands designated thereby were out of the Indian purchase.   If the king is deceived in his grant, it will be avoided.   Any contract or deed will be vitiated by *allegatio falsi sive suppressio veri.*

The jury will however judge from the whole of the evidence, whether it can reasonably be collected from thence, that at or before the issuing of a patent, the proprietary officers possessed the knowledge, that the lands thereby intended to be conveyed were unpurchased from the Indians; and govern themselves accordingly.

Plaintiff nonsuit.

Messrs. Ingersoll, D. Smith and D. Levy *pro quer.*
Messrs. Duncan, C. Smith and Hall, *pro def.*

---

### SAMUEL EWING *against* JOHN BYERS.

Where a plaintiff has taken a rule for trial by a struck jury, and has not proceeded thereon, he is not entitled to the costs of the term.

THIS cause had been removed by *certiorari.*   The plaintiff had taken a rule for trial by special jury in the Court of Common Pleas, which still subsisted.   No jury had been struck, and the defendant put off the trial on a legal ground.   The plaintiff moved for the costs of the term, which was refused by the court, the plaintiff having taking no steps in pursuance of his rule.   The bar declared this to be the practice.

Messrs. D. Smith and Watt, *pro quer.*
Messrs. Duncan and C· Smith, *pro def.*